# United States District Court
# Central District of Illinois

David E Scheurich                                    Plaintiff

    V.S.                                          No: 16-cv-02253-CSB-EIL

Sheriff Dan Walsh                                    Defendant

Champaign County Sheriff's Office

## Plaintiff's Memorandum of Law in Support to Deny Defendants Motion to Dismiss

A 42 U.S.C. § 1983: permits any person who has been unconstitutionally wronged by an individual acting under the color of state law to seek damages in federal court.

On 7-28-15 in front of the Honorable Judge Lance Wright in the District Court of Arkansas, the plaintiff (David Scheurich) did not waive his right to be extradited to Illinois. (See exhibit 1A) The plaintiff had been held for more than 30 days in Cleburne County Detention Center. No Governor's warrant was presented before Judge Lance Wright. The plaintiff was contesting the legality of the arrest if a Governor's warrant was to become visible. The plaintiff petition for writ of habeas corpus if a Governor's warrant was not obtained, for the release of custody from Cleburne County Detention Center (See exhibit 2A) The U.C.E.A. provisions of extradition require a judical hearing in the state having custody of the wanted person, a waiver of extradition by the wanted person or a judical finding that the

1

Governor's request follows all legal requirements if extradition is not waived. Once the Governor has granted extradition, the court of the asylum state considering release on habeas corpus has to decide whether the extradition documents on their face are in order and meet all legal requirements. Judge Lance Wright issued a court order for the Cleburne County Sheriff's Office not to release or surrender the plaintiff (David Scheurich) to the state of Illinois or any agency representing Illinois (See exhibit 3A) Judge Lance Wright did this to protect the plaintiff's Constitutional Civil Rights. Judge Lance Wright then transferred all further proceedings to the Circuit Court of Cleburne County for 8-11-15 (see exhibit 4A)

On 8-7-15 Arkansas Sheriff Alan Roberson disregarded the Court Order issued by the Honorable Judge Lance Wright by surrendering the plaintiff (David Scheurich) to two individuals acting as Illinois Officers, working for Security Transport Services Inc. The individuals transported the plaintiff from Heber Springs, Arkansas Cleburne County Detention Center to Champaign County Sheriff's Office in Champaign, Illinois. By accepting and holding the plaintiff, the Champaign County Sheriff's Office committed kidnapping, constructive possession, violated the U.C.E.A. and violated the Constitutional Civil Rights of the plaintiff, specifically the 14th Amendment.

2

## Constitution of the United States Amendment 14
## Due Process and Equal Protection states:

All persons born or naturalized in the United States and subject to the jurisdiction there of, are citizens of the United States and of the state where in they reside. <u>No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.</u>

<u>Kidnapping</u> is to hold or carry a person away by unlawful force or by fraud and against one's will. The plaintiff never waived his right to be extradited therefore, being extradited was against his will. Champaign County Sheriff's Office knew the plaintiff (David Scheurich) was fighting extradition to Illinois (See exhibit 5A)

<u>Both the States of Arkansas and Illinois have adopted the Uniform Criminal Extradition Act:</u> Provisions of the extradition acts fundamental to the U.C.E.A. are.
1) A judicial hearing in the state having custody of the wanted person in asylum state.
2) A waiver of extradition by the wanted person or a judicial finding that the Governor's request follows all legal requirements if extradition is not waived in asylum state.

A person has constructive possession of property if he has power to control and intent to control such item. (Com v. Stephens, 231 Pa Super 481, 331 A.2d 719, 723)

Violation of the plaintiff's Constitutional Civil Rights specifically the 14th Amendment Due Process and the U.C.E.A occured when the plaintiff was kidnapped before the hearing in Circuit Court, Heber Springs Arkansas. Champaign County Sheriff's Office paid for the transfer. (See exhibit 6A) Champaign County Sheriff's Office ordered the transfer, they agreed to the bid request for the transfer, notified the Security Transport Services Inc. to pick the plaintiff up and transport the plaintiff to the Champaign County Sheriff's Office (See exhibit 7A) The defendants state that it is not the Champaign County Sheriff's Office responsibility to conduct a review. When the Champaign County Sheriff's Office paid for the transfer, they are agreeing that the service they received is what they ordered. (See exhibit 8A) Is the Champaign County Sheriff's Office negligent. To be negligent is to do something that a reasonable person would not do, or to do something that a reasonable person would do. This is close to, if not offical unlawful misconduct.

The Champaign County Sheriff's Office can be held responsible if they or should they have known that they were acting illegally.
(Saucier v.s. Katz, 533 U.S. 194 2001)
(Harlow v.s. Fitzgerald, 457 U.S. 800 1982)

4

28 U.S.C. §2254(a)(2000) The Statue Provides:

Every person who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

Champaign County Sheriff's Office may have committed conspiracy and are responsible for violations of the plaintiffs. Plaintiff has the right to subpoena Sheriff Alan Roberson to testify for trial. Champaign County Sheriff's Office may have committed constructive fraud, which exist where conduct, though not actually fraudulent has all actual consequences and all legal effects of actual fraud. (Agair Inc. v. Shaeffer, 232 Cal. App. 2d 513, 42 Cal. Rptr. 883, 886.) Breech of legal or equitable duty which irrespective of moral guilt, is declared by law to be fraudulent because of its tendency to deceive others or violate confidence. (Daves v. Lawyers, Sur. Corp, Tex, Civ. App. 459 S.W. 2d 655, 657)

The defendants state every step of the processes both under Sec. 3182 as well as the provisions of each states extradition was met. This is a false statement no

5

Governor's warrant has or ever was presented or served to or infront of plaintiff or judge. There never was a judical review of the Governor's warrant because there never was a hearing in the Circuit Court on 8-11-15 in Heber Springs, Arkansas. The plaintiff was kidnapped on 8-7-15, depriving the plaintiff of his Constitutional Civil Right Due Process and Equal Protection. Officals knew that his or her actions were unconstitutional (Prison Legal News v Lehman, 397 F.3d 692, 701 9th Cir 2005)

The defendants mentions a case of a DUI 14-CF-52 that the plaintiff plead guilty to. What this has to do with the violations of the Constitutional Civil Rights of the plaintiff (David Scheurich) who knows. For a little information on that case the plaintiff will state he had ineffective assistance of counsel. The attorney that represented him did not present evidence or call professional experts to testify. The attorney told the plaintiff (David Scheurich) that if he didn't plead guilty, it would upset the Judge (Klaus) and 14 years would be sentenced. A clear argument in that DUI case would have been that the officers directions were not satisfactory explained to proform the field sobirety test, and that the officer was unable to check for equal tracking, equal pupil size or nystagmos resting because the plaintiff (David Scheurich) eyes were barely open due to the head trauma Scheurich had sustained. This has nothing to do with the violations that were committed against the plaintiff

6

(David Scheurich) Plaintiff believes the defendants mentioned the DUI case to distract attention from the defendants guilt.

Again the defendants requires if the court takes judicial notice of the Champaign County courts records they establish that the U.S. Constitution, 18 USCA Section 3182 and both Illinois and Arkansas versions of the U.C.E.A. were complied with. The evidence that has already been presented, proves that is a completely false statement. Plaintiffs amended complaint and exhibits do not plead him out of court. The plaintiff hopes that the defendants are sternly reprimanded to prevent further false claims.

Defendants announce that Champaign County Sheriff's Office had no duty to further investigate the extradition process beyond the issuance of the extradition warrant by Arkansas Governor. Just because something may be issued, it is one's duty to make sure something is presented and clear. Example - a person can not purchase a car without the salesman getting the check. The Governor's warrant to this day has never been presented or visable. Plus there was a court order to make sure the plaintiffs Constitutional Civil Rights were not violated. Champaign County Sheriff's Office committed conspiracy by taking advantage of lack of knowledge in the Cleburne County Detention Center Officers or the Detention Center Officers were

7

in full compliance with violating the plaintiff's (David Scheurich) Constitutional Civil Rights and surrendered the plaintiff to the individuals acting as Illinois Officers.

Defendants state that plaintiff has filed and is pursuing federal suit against Arkansas Officals which is somewhat irrelevant and is used by defendants to detour guilt from defendants. (See 28 U.S.C. 2254(a)(2000) Is it not by law that all parties involved in a criminal crime will be charged and are responsible for the same criminal charges.

Defendants claim plaintiff fails to state a cause of action against the Champaign County Sheriff's Office because he waived any right to challenge Arkansas release to Illinois, when he neglected to file a writ of Habeas Petition in Arkansas challenging his release prior to being released. This is another false statement from the defendants. (See exhibit 2A) This petition was to be presented to the Circuit Court on 8-11-15 however, Illinois kidnapped the plaintiff and violated his Constitutional Civil Rights as well as his fugitive right to contest the legality of arrest before a judge if he was to be served a warrant for arrest.

The defendants declare that extradition must be a judical determination. This is valid, even if a hearing should be conducted on petition by the plaintiff for the writ of

8

habeas corpus in the asylum state according to the guidlines laid down by the United States Supreme Court. It can not be conducted if the demanding state violates plaintiff's Constitutional Civil Rights by kidnapping the plaintiff while participating in violation of a court order.

The defendants next complain about a court order. A court order is a court order no matter what state it is issued in. The only way to deal with a court order is an appeal. Negligance is obviously present with the Champaign County Sheriff's Office, unless they clearly committed conspiracy with the Cleburne County Sheriff's Office. The Cleburne County Sheriff's Office knew of the court order, they had deputies present when Judge Lance Wright issued it, plus the order had been filed and valid for over a week.

The defendants state again there was a Governor's warrant issued, that does not mean the warrant was served or valid. There are processes, procedures and laws for extradition. The Judge was never presented a valid Governor's warrant. Extradition was not completed due to Certificate of Delivery of Fugitive was not presented, filled out or filed with the extradition counsel in either state. Nor was the necessary action by the sheriff of the asylum state proformed upon the recipt of a governor's warrant because no Governor's warrant ever became visable. (see exhibits 9A + 10A)

No where in the plaintiff's complaint does the plaintiff ask or request relief for conviction or imprisonment. The plaintiff would have filed a habeas corpus petition for relief of conviction or imprisonment if that was what the plaintiff wanted. Plaintiff seeks justification and relief for the unconstitutional denial of his 14th amendment civil rights. A 42 U.S.C. §1983 is more desirable for prisoner's suits, attorney fees, jury trial and discovery, which are prohibited in habeas proceedings. <u>Harper v. Jefferies, 808 F.2d 283 3d Cir. 1986) states that a §1983 claim may be allowed if a prisoner seeks damages but not immediate or speedier release from prison.</u> When both habeas and §1983 are available the asymmetry caused by such cases seems less problematic: individuals who wish to challenge more serious constitutional violations - those that in Heck's parlance, would necessarily prove the invalidity of an underlying conviction, are relegated to habeas corpus, whereas those who wish to seek damages for less serious infractions can seek damages under §1983. In the conclusion of the reach of the Heck Doctrine, individuals who seek damages for constitutional violations that might undermine or impugn a conviction or sentence should be permitted to bring a claim under §1983 without first showing favorable termination. Therefore plaintiff's amended complaint should not be dismissed

The § 1983 complaint (16-cv-02253-CSB-EIL) the plaintiff has filed is for damages due to violations of his Constitutional Civil Rights pertaining to the extradition of plaintiff on 8-7-15 from Heber Springs Arkansas to Champaign Illinois. The defendants state the 7th Circuit's position is that the plaintiff's claim is barred "as a section § 1983 action because he has no evidence establishing a different result if plaintiff would have had the chance to contest the legality of the arrest. The plaintiff is not contesting the conviction and sentencing. The plaintiff will file a habeas corpus petition for challenging the conviction and sentencing when he has exhausted all his administrative remedies. Plaintiff has been granted an appeal for 16-cv-02253-CSB-EIL (see exhibit 11A) Plaintiff is waiting for response from Illinois Department of Corrections due to the National Institute of Corrections correspondence. (see exhibit 12A) Once plaintiff recieves the response he will challenge the conviction and arrest. Evidence the plaintiff would have used to contest the legality of arrest in Circuit Court Heber Springs, Arkansas that would of caused a different verdict, is a falsified police report from the Champaign County Sheriff's Office that resulted in the DUI conviction. (See exhibit 13A) No where in the police report from the Champaign County Sheriff's Office that was used on the conviction of the DUI of the plaintiff (David Schevich) does it state that the Champaign County Sheriff deputy took the plaintiff

11

to the hospital for head trauma. The plaintiff has proof that he sustained head trauma and was taken to the emergency room at Carle Hospital. Evidence of proof would be a hospital bill (see exhibit 14A) The police report also states David Scheurich also provided a breath test for the intoxylizer at 9:09 p.m. in the Champaign County Correction Center. How could David Scheurich proform or provide a breath test at 9:09 p.m. when the Doctor's Notes indicates David Scheurich was released from the hospital at 10:18 p.m. (see exhibit 15A) This would put the whole police report in question. The reason the plaintiff fled Illinois was for the sake of his life. Plaintiff (David Scheurich) has documents and witnesses as evidence of abuse, harassment, falsified police reports, and retaliation from Champaign County Sheriff's Office. Plaintiff believes Champaign County Sheriff's Office violated his Constitutional Civil Rights, kidnapped him, and violated the U.E.C.A. to prevent the falsifying police report and multiple violations from appearing while plaintiff contested the legality of the arrest in Circuit Court Heber Springs, Arkansas.