UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVID SCHEURICH, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CHAMPAIGN COUNTY SHERIFF'S ) <br> OFFICE, ) <br> ) <br> Defendant. ) | Case No. 16-CV-2253 |

## ORDER

This case is before the court for ruling on the Motion to Dismiss (#16) filed by Defendant Champaign County Sheriff's Office. The *pro se* Plaintiff, David Scheurich, filed a Response (#28) and Memorandum in Support (#29). This court has carefully considered Plaintiff's *pro se* Amended Complaint (#6), and attached exhibits, Defendant's Motion (#16) and Memorandum of Law in Support (#17), and attached exhibits, and Plaintiff's Response (#28) and Memorandum (#29), and attached exhibits. Following this careful consideration, Defendant's Motion to Dismiss (#16) is GRANTED. Plaintiff's *pro se* Motion for Leave to File Amended Complaint (#26) is DENIED.

BACKGROUND

On August 5, 2016, Plaintiff filed a *pro se* Complaint (#1) under 42 U.S.C. § 1983 against Defendant Sheriff Dan Walsh. Plaintiff alleged that Sheriff Dan Walsh violated the interstate extradition act and was also liable for kidnapping and violation of the Fourteenth Amendment. Plaintiff alleged that he was extradited from Arkansas to

Illinois in violation of an order entered by Judge Lance Wright in Arkansas. Plaintiff alleged that, on August 6, 2015, Illinois had two U.S. Marshals come to get him. Plaintiff alleged that he was taken against his will and arrived in Champaign County on August 7, 2015. Plaintiff alleged that the Sheriff of Champaign County and the Champaign County Sheriff's office conspired to kidnap him.

Plaintiff attached a transcript of a July 28, 2015 hearing before Judge Wright, which Plaintiff apparently had transcribed by a local court reporter in Paxton, Illinois from a recording of the hearing. The transcript is not an official transcript of the Arkansas proceeding and does not include a case number for the proceeding. The transcript includes a statement from Judge Wright that Plaintiff was not waiving extradition to the state of Illinois. Judge Wright set a hearing on the matter for August 11, 2015. Plaintiff also attached a copy of an Order entered by Judge Wright in the district court of Cleburne County, Arkansas, dated July 29, 2015, which does not include a case number. The Order stated that Plaintiff was not to be surrendered to the state of Illinois unless ordered by the circuit court. In addition, Plaintiff attached a July 29, 2015 letter on the letterhead of Asa Hutchinson, Governor of the State of Arkansas. The letter is signed by Lauren Heil, Criminal Justice Counsel, and is addressed to Sheriff Alan Roberson of the Cleburne County Sheriff's Office in Heber Springs, Arkansas. The letter stated that it was related to the extradition of David E. Scheurich and further

stated that the Governor's Warrant and related documents regarding the referenced fugitive were enclosed. The letter stated that "[w]hen the fugitive is ready for return to the demanding state, please notify: Sheriff Daniel Walsh."

On August 8, 2016, Plaintiff filed a *pro se* Amended Complaint (#6). The allegations were essentially the same, but Plaintiff named the Champaign County Sheriff's Office as the only Defendant. Defendant Sheriff Dan Walsh was therefore terminated as a Defendant in this matter. Plaintiff again alleged that he was improperly returned to Illinois from Arkansas. Plaintiff sought damages in the amount of $250,000.00.

On August 11, 2016, Plaintiff filed a Motion for Leave to File Second Amended Complaint (#7). Plaintiff's proposed Second Amended Complaint named both Sheriff Dan Walsh and the Champaign County Sheriff's Office as Defendants. On August 11, 2016, United Stated District Judge Harold A. Baker entered a text order and denied Plaintiff leave to file the Second Amended Complaint.

On September 7, 2016, the case was transferred to this court for further proceedings. Defendant was served with summons and appeared by counsel on September 9, 2016. Defendant's deadline to file an Answer or otherwise plead was subsequently extended to October 31, 2016.

PENDING MOTIONS

I. DEFENDANT'S MOTION TO DISMISS

On October 31, 2016, Defendant filed a Motion to Dismiss (#16) and a Memorandum of Law in Support (#17), with attached exhibits. Defendant argued that Plaintiff's Amended Complaint (#6) should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted. Defendant argued that Plaintiff's Amended Complaint admits that the Governor of Arkansas issued a facially valid extradition warrant for Plaintiff prior to his release back to Illinois. Defendant also argued that any duty to ensure that the extradition proceedings were compliant with relevant laws prior to Plaintiff's release to the demanding state, Illinois, was the responsibility of the asylum state, Arkansas. Defendant further argued that Plaintiff cannot state a valid cause of action because his claim is barred by the *Heck* doctrine.

Defendant asked this court to take judicial notice of Plaintiff's criminal case in Champaign County. These records show that, on May 2, 2014, Plaintiff pleaded guilty to the offense of aggravated driving under the influence of alcohol in Case No. 14-CF-52. Plaintiff's sentencing was set for July 7, 2014. Plaintiff failed to appear for his sentencing hearing and an arrest warrant was issued with no bond. The sentencing hearing was held *in absentia* and the court sentenced Plaintiff to a term of seven years in the Illinois Department of Corrections. Plaintiff eluded authorities until he was discovered and arrested in Arkansas roughly one year later, on June 23, 2015.

4

On July 2, 2015, Julia R. Rietz, State's Attorney for Champaign County, sent a request seeking Plaintiff's extradition from Arkansas to Bruce Rauner, Governor of Illinois. Rietz also attached her affidavit setting out information about Plaintiff and his conviction. On July 21, 2015, Governor Rauner, sent a request to the Governor of Arkansas requesting the extradition of Plaintiff. The request stated that Plaintiff had been convicted of aggravated driving with an alcohol concentration of 0.08 or more and thereafter failed to appear for sentencing and was sentenced *in absentia*. Governor Rauner stated that he had authorized and empowered Dan Walsh, Champaign County Sheriff's Office, or his designee, to take and receive the fugitive from the proper authorities in Arkansas and convey him to Illinois.

Defendant also provided documentation from Arkansas. Defendant attached the same July 29, 2015, letter from Governor Hutchinson's office to Sheriff Alan Roberson of the Cleburne County Sheriff's Office in Heber Springs, Arkansas. Defendant also attached the Arkansas Extradition Warrant, also dated July 29, 2015, which was referred to in the letter. The Warrant was signed and sealed by Governor Hutchinson and stated that "you are commanded to take David E. Scheurich for safekeeping and cause him to be delivered to Sheriff Daniel Walsh and/or his designated agent, the Agents of the State of Illinois to be taken into said State to be dealt with as law and justice may require."

Defendant argued that, if the court takes judicial notice of these records, they establish that the United States Constitution, the Extradition Act, 18 U.S.C. § 3182, and both Illinois and Arkansas law were complied with and Plaintiff has no claim regarding his extradition from Arkansas to Illinois.

On October 31, 2016, the clerk sent a Notice (#18) to Plaintiff advising him that he had 14 days to respond to the Motion to Dismiss. On November 7, 2016, Plaintiff filed a pro se Motion for Extension of Time to File Response (#19). Plaintiff asked to be allowed until January 1, 2017 to file his response to the Motion to Dismiss. This court entered a text order that same day and allowed Plaintiff until January 3, 2017, to file his Response. On January 9, 2017, Plaintiff filed his Response (#28) and Memorandum in Support (#29), with attached exhibits. Although Plaintiff's Response was not filed with this court until January 9, 2017, it was signed by Plaintiff on December 29, 2016. This court will consider Plaintiff's Response to the Motion to Dismiss to be timely.

In his Response, Plaintiff argued that the legal requirements for extradition were not followed and he did not waive his right to challenge the extradition. Plaintiff argued that he was held more than 30 days in the Cleburne County Detention Center before he was extradited to Illinois. Plaintiff also argued that a judicial hearing was required before his extradition and he was taken to Illinois before the hearing set by Judge Wright for August 11, 2015. In addition, Plaintiff again argued that the extradition violated Judge Lance Wright's order. Plaintiff argued that, by accepting and holding him, the Champaign County Sheriff's Office committed kidnapping and

violated the extradition statute and his constitutional rights. Plaintiff also argued that his claims did not contest his Illinois conviction or sentencing so the *Heck* doctrine does not bar his claims.[1]

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Therefore, when ruling on a motion to dismiss, a court must accept, as true, all factual allegations contained within the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff may plead himself out of court by pleading facts that show he has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

Under Rule 10(c) of the Federal Rules of Civil Procedure, written instruments attached to a pleading become part of that pleading for all purposes. *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013), *citing* Fed R. Civ. P. 10(c). A "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005); *Bambenek v. Wright*, 2007 WL 2914215, at *4 (C.D. Ill. 2007). Also, at the

---

[1] Plaintiff did go on to argue that he will be challenging his conviction and sentence in the Illinois courts. He argued that the police report regarding his arrest was falsified and that he pled guilty because of ineffective assistance of counsel.

7

dismissal stage, a court's review is generally limited to the complaint and any documents attached thereto. *Hepp v. Ultra Green Energy Servs., LLC,* 2014 WL 7190860, at *3 (N.D. Ill. 2014), *citing Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 964, 975 (7th Cir. 2013). Therefore, "[i]f, in ruling on a motion to dismiss, a court chooses to consider documents external to the complaint, the court generally must convert the motion to one for summary judgment." *Hepp,* 2014 WL 7190860, at *3, *citing 188 LLC. v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). However, a court may properly consider extraneous documents attached to a motion to dismiss, without converting it to a motion for summary judgment, if the documents are "referred to in the plaintiff's complaint and are central to his claim." *Id., quoting 188 LLC*, 300 F.3d at 735.

Plaintiff's claim is that Defendant is liable for violating his rights when he was extradited from Arkansas to Illinois on August 6, 2015. Plaintiff's Amended Complaint, and the documents he attached, referred to the extradition proceeding and the Warrant issued by Governor Hutchinson based upon Plaintiff's conviction in Champaign County. The documents related to Plaintiff's case in Champaign County and related to his extradition from Arkansas are therefore referred to in his Amended Complaint and are central to his claim. This court will therefore consider these documents in ruling on Defendant's Motion to Dismiss.

"The obligation imposed on states to extradite fugitives from justice within its borders to the state from which he has fled upon proper demand from that state is rooted in the Constitution." *McBride v. Soos*, 594 F.2d 610, 612 (7th Cir. 1979); *Martinez v.*

*Sun*, 896 F. Supp. 2d 710, 721 (N.D. Ill. 2012). The United States Supreme Court has stated that "Article IV, § 2, cl. 2 of the United States Constitution on the subject of extradition is clear and explicit." *Michigan v. Doran*, 439 U.S. 282, 286 (1978). It states:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

*Id.* at 286-87. "The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed." *Id.* at 287. "The purpose of the Clause was to preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states." *Id.* Under the Extradition Clause, "[i]nterstate extradition was intended to be a summary and mandatory proceeding." *Id.* at 288; *see also Coungeris v. Sheahan*, 11 F.3d 726, 728 (7th Cir. 1994). Thus, the "Clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Id.*

To implement the Extradition Clause of the Constitution, Congress has provided:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled *shall*

9

> cause him to be arrested and secured, and notify the executive authority making such demand, or agent of such authority appointed to receive the fugitive, and *shall* cause the fugitive to be delivered to such agent when he shall appear.

*Doran,* 439 U.S. at 287 (emphasis in original), *quoting* 18 U.S.C. § 3182. Under this statute, before an individual can be extradited, "the governor of the asylum state must determine: (1) whether the person demanded is substantially charged with a crime; and (2) whether the person demanded is a fugitive from justice from the state making the demand." *McBride*, 594 F.3d at 612; *see also Martinez*, 896 F. Supp. 2d at 721.

In addition, some states have enacted the Uniform Criminal Extradition Act (UCEA), which governs state extradition procedures, in conjunction with overriding federal law. *Coungeris*, 11 F.3d at 728; *Martinez*, 896 F. Supp. 2d at 721. Both Arkansas and Illinois have enacted the UCEA. Ark. Code Ann. 16-94-201 *et seq.*; 725 Ill. Comp. Stat. 225/1 *et seq.* However, the Supreme Court has stated that, even where the UCEA has been adopted, a "governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements have been met." *Doran*, 439 U.S. at 288-89.

In this case, the documents provided by the parties show that, on July 21, 2015, Illinois Governor Bruce Rauner submitted a request for the extradition of Plaintiff based upon the fact that Plaintiff was convicted of the felony offense of aggravated driving with an alcohol concentration of 0.08 or more and was sentenced for that offense, with supporting documentation. On July 29, 2015, Arkansas Governor Asa Hutchinson issued the Arkansas Extradition Warrant and forwarded it to Sheriff Alan Roberson,

Cleburne County, where Plaintiff was being held. Based upon the Extradition Warrant signed by Governor Hutchinson, Plaintiff was extradited to Illinois, arriving on August 7, 2015.

This court concludes that, based upon the documentation which it can appropriately consider in this case, Plaintiff's claim that his constitutional rights were violated when he was extradited from Arkansas to Illinois fails to state a cause of action upon which relief may be granted and Plaintiff's claim that he was kidnapped most certainly fails to state a cause of action.

In any event, this court completely agrees with Defendant that Plaintiff has no claim against any Champaign County, Illinois officials. In this case, Plaintiff's claims are based upon his allegations that he was held longer that 30 days, in violation of Arkansas procedures, and was extradited in violation of Judge Wright's order and before a hearing which had been scheduled on August 11, 2015. Accordingly, the gravamen of Plaintiff's claim is that his rights were violated because he was extradited to Illinois before compliance with all the requirements of the Arkansas extradition laws. *See McBride v. Soos*, 679 F.2d 1223, 1225 (7th Cir. 1982).

A defendant cannot be held liable under § 1983 unless he caused or participated in the alleged constitutional deprivation. *McBride*, 679 F.2d at 1227. In *McBride*, the plaintiff claimed that Missouri law was violated when he was extradited from Missouri to Illinois. The Seventh Circuit held that there was no duty for the demanding state agents to ensure that the asylum state's procedures were followed. *McBride*, 679 F.2d at

11

1227. The court stated that it was "unreasonable to require the demanding state agents to be familiar with the procedural safeguards enacted in the asylum state's extradition statutes and then further require them to ensure that the statutory safeguards have been followed." *Id.* The court then determined that the Illinois agents neither caused nor participated in any deprivation and "cannot be held liable." *Id.*

Based upon *McBride*, Defendant here simply cannot be held liable for any violation of Arkansas procedures. Plaintiff has no cause of action against any Illinois officials based upon his extradition from Arkansas. *See id.* There is no basis for relief against Illinois, whose custody of Plaintiff is supported by a valid conviction. *See Evans v. Thurmer*, 278 Fed. Appx. 679 at *2 (7th Cir. 2008) (unpublished).[2]

This court also agrees with Defendant that Plaintiff's claim is barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that arguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated. *See Polzin v. Gage*, 636 F.3d 834, 836 (7th Cir. 2011). Therefore, "*Heck* requires an inquiry into the nature of the allegations and whether the entire claim for damages would, if proven, necessarily imply the invalidity of the conviction or sentence." *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). In *Knowlin*, the Seventh Circuit concluded that the *Heck* doctrine barred the plaintiff's claim that he was entitled to damages because his rights

---

[2] This court notes that Defendant has stated, and Plaintiff has confirmed, that he has cases pending in the Eastern District of Arkansas in Case Nos. 16-cv-101 and 16-cv-102, related to his extradition.

were violated when he was extradited to Wisconsin from Arkansas. *Knowlin*, 207 F.3d at 908-09. The plaintiff in *Knowlin* claimed that Arkansas law enforcement officers violated Arkansas' UCEA. *Id.* at 907. The Seventh Circuit stated that "to establish a § 1983 claim for monetary relief, including a showing of damages, Knowlin will have to prove that he suffered some deprivation of liberty greater than that which he would have suffered through extradition in full compliance with the UCEA." *Id.* at 909. The court then stated that such a showing "would necessarily imply the invalidity of his Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit" so *Heck* barred the plaintiff's claim. *Id.*

The same is obviously true in this case. Even if Plaintiff had all of the procedures he thinks he should have had in Arkansas, he still would have been extradited based upon the valid conviction in Illinois. Therefore, as in *Knowlin*, in order to show that he suffered a deprivation of liberty greater than that which he would have suffered through extradition in full compliance with Arkansas' UCEA, Plaintiff would have to show the invalidity of his Illinois conviction. *See id.* This cannot be shown in a § 1983 suit based upon *Heck*. *Id.* So Plaintiff's case must be dismissed on that basis as well.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

On December 29, 2016, Plaintiff filed a pro se Motion for Leave to File Amended Complaint (#26). Plaintiff did not attach a proposed amended complaint. Instead, Plaintiff stated that he requested "permission to submit a second amended complaint that has more or different facts and new or additional claims." Leave to amend

pleadings generally should be liberally granted; however, leave to amend should be denied if amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eckardt v. Kouri*, 2011 WL 4946548, at *2 (C.D. Ill. 2011). This court has concluded that Plaintiff's Amended Complaint challenging his extradition from Arkansas to Illinois fails to state a claim upon which relief can be granted, for numerous reasons. This court therefore concludes that any amendment to Plaintiff's Amended Complaint would be futile. Accordingly, Plaintiff's pro se Motion for Leave to File Amended Complaint (#26) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss (#16) is GRANTED. Plaintiff's *pro se* Amended Complaint (#6) is dismissed with prejudice.

(2) Plaintiff's *pro se* Motion for Leave to File Amended Complaint (#26) is DENIED.

(3) This case is terminated.

ENTERED this 17th day of January, 2017.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE