# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

September 21, 2018

To:
Shig Yasunaga
UNITED STATES DISTRICT COURT
Central District of Illinois
U.S. Courthouse
Urbana , IL 61802-3369

| No. 17-1277 | DAVID SCHEURICH,<br>Plaintiff - Appellant<br><br>v.<br><br>CHAMPAIGN COUNTY SHERIFF'S OFFICE,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** | |
| District Court No: 2:16-cv-02253-CSB-EIL<br>Central District of Illinois<br>District Judge Colin S. Bruce | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                   **Received by:**

September 21, 2018                                 s/D. Sjoken

___              ___                   _____                                _____

form name: **c7_Mandate**(form ID: **135**)

Case: 17-1277   Document: 00713289495   Filed: 09/21/2018   Pages: 3

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided August 30, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

| | |
|---|---|
| No. 17-1277 | |
| DAVID SCHEURICH,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-CV-2253 |
| CHAMPAIGN COUNTY SHERIFF'S OFFICE,<br>*Defendant-Appellee*. | Colin S. Bruce,<br>*Judge*. |

**O R D E R**

David Scheurich, a former fugitive from Illinois, sued the Champaign County Sheriff's Office under 42 U.S.C. § 1983 for its role in extraditing him from Arkansas to Illinois to serve a prison sentence. Scheurich alleges that the extradition violated the due process and extradition clauses of the U.S. Constitution. The district court decided that his complaint failed to state a claim because no defendant participated in any

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

constitutional deprivation and, alternatively, his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We agree with both rationales and affirm.

Scheurich's extradition prompted him to file two lawsuits in August 2016. He brought the first suit in the Southern District of Illinois against the two Illinois agents who transported him. He alleged that the agents extradited him before the Arkansas state courts had resolved his application for a writ of habeas corpus, in violation of the U.S. Constitution, 18 U.S.C. § 3182, and the Arkansas Uniform Criminal Extradition Act. *See* U.S. CONST. art. IV, § 2, cl. 2; 18 U.S.C. § 3182; ARK. CODE §§ 16-94-201 to -231. The district court dismissed Scheurich's suit as barred by *Heck* because his claim for damages assumed that his underlying Illinois judgment was invalid, and we affirmed. *Scheurich v. Doe 1*, 723 F. App'x 378, 379–80 (7th Cir. 2018).

One day after filing his suit in the Southern District of Illinois, Scheurich brought this civil rights suit in the Central District of Illinois against the Champaign County Sheriff's Office for its role in the extradition. Scheurich alleged that the office's involvement in extraditing him to Illinois violated the due process and extradition clauses of the Constitution because his transport defied an Arkansas court order that he not be surrendered without judicial approval. The district court dismissed his complaint for failure to state a claim. The court noted that liability under 42 U.S.C. § 1983 requires the defendant's personal involvement in the alleged constitutional deprivation, and the Illinois officials here had no duty to ensure that Arkansas complied with its extradition procedures. Alternatively, the court concluded that Scheurich's claim was barred by *Heck* because he had not alleged that his Illinois conviction had been invalidated.

Scheurich filed a notice of appeal and asked the district court for leave to proceed in forma pauperis. The court gave him three weeks (and then a two-week extension) to specify his basis for appealing so that it could decide whether he was appealing in good faith. The deadline came and went, and ten days later the court denied the request to proceed IFP. Less than three hours after the court issued its denial, a brief from Scheurich was filed that stated his grounds for appeal. The court denied that filing as moot. Scheurich then sought permission from this court to proceed IFP, and we denied the request. He paid the filing fee and the appeal went forward.

In Scheurich's appellate brief, he focuses mostly on the district court's denial of his motion to proceed on appeal IFP. He insists that he timely filed his statement of reasons for appealing, and that the court's disregard of his filing was "intentional

malpractice." But even if we assume that the district court erred by not addressing the substance of his motion, this court did consider it and we denied the motion. Scheurich has given us no reason to revisit that ruling.

Scheurich next asserts that the judge's conclusion that his case is *Heck*-barred "is a complete false statement," but he does not elaborate why the judge erred. In any event, we agree with the judge that *Heck* precludes this suit. An extradited prisoner serving a sentence under a valid criminal judgment may not recover damages based merely on "the denial of an opportunity to test the facial validity of the extradition demand." *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). As we explained in Scheurich's prior appeal, any showing that he was not extraditable through proper procedures "would necessarily imply the invalidity of" his current prison sentence because it would require him to prove that Illinois should not have imprisoned him at all—which cannot be shown through a § 1983 suit. *See Heck*, 512 U.S. at 486–87.

AFFIRMED

Case: 17-1277  Document: 00713289496  Filed: 09/21/2018  Pages: 1

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse Room 2722 - 219 S. Dearborn Street Chicago, Illinois 60604 | Office of the Clerk Phone: (312) 435-5850 www.ca7.uscourts.gov |

**FINAL JUDGMENT**

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

August 30, 2018

Before:   DIANE S. SYKES, Circuit Judge
          DAVID F. HAMILTON, Circuit Judge
          MICHAEL Y. SCUDDER, Circuit Judge

| No. 17-1277 | DAVID SCHEURICH, Plaintiff - Appellant  v.  CHAMPAIGN COUNTY SHERIFF'S OFFICE, Defendant - Appellee |

**Originating Case Information:**

District Court No: 2:16-cv-02253-CSB-EIL
Central District of Illinois
District Judge Colin S. Bruce

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: c7_FinalJudgment(form ID: 132)